Law Offices of
ISABEL M. AMSEL
20 S. Stone Ave #613
Tucson AZ 85701
(AZ Bar No. 023945)
Email: *isabelamsel@outlook.com*
Telephone: (520) 400-0721
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR19-2042-JAS-9 |
| Plaintiff, | |
| v. | **SENTENCING MEMORANDUM** |
| Luis Ivan Salazar-Zavala, | **(UNDER SEAL)** |
| Defendant. | |

COMES NOW the defendant, Luis Ivan Salazar-Zavala, by and through undersigned Counsel, and provides this memorandum and requests this Court consider the arguments contained herein during sentencing.

RESPECTFULLY SUBMITTED this 18th day of May, 2022.

      Law Offices of
      ISABEL MICHELA AMSEL

      /s/ *Isabel Michela Amsel*
      ISBAEL MICHELA AMSEL
      Attorney for Defendant

# MEMORANDUM

INTRODUCTION

The defendant, Luis Ivan Salazar-Zavala, pled guilty to Possession with Intent to Distribute Methamphetamine, a violation of 21 USC §841. He pled guilty to the indictment and with a plea agreement.

The Pre-Sentence Investigation Report makes the following calculations: a base offense level of 36; a 2-level increase for methamphetamine; a 2-level decrease for safety valve; and a 3-level total decrease for acceptance of responsibility, which brings the total offense level to 33. The defendant has no criminal history, thereby establishing a Criminal History Category I.

The guidelines range calls for a range of 135 - 168 months' imprisonment. The plea agreement is a stipulated 36 month sentence. The PSI recommends the Court accept the agreement and sentence the defendant to 36 months with 3 years of supervised release.

**Mitigation 18 U.S.C. § 3553**

The United States Supreme Court "... has long recognized that sentencing judges 'exercise a wide discretion' in the types of evidence they may consider when imposing sentence and that '[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.'" *Williams v. New York*, 337 U.S. 241, 246-247, 69 S.Ct. 1079 (1949).

"Congress codified this principle at 18 U.S.C. § 3661, which provides that '[n]o limitation shall be placed on the information' a sentencing court may consider 'concerning the [defendant's] background, character, and con-duct,' and at § 3553(a), which sets forth certain factors that

sentencing courts must consider, including 'the history and characteristics of the defendant,' § 3553(a)(1). *Pepper v. United States*, 562 U.S. 476, 476-80, 131 S. Ct. 1229, 1235 (2011).

Courts need not find any extraordinary circumstance to sentence a defendant outside the guidelines range, once courts correctly calculate the guidelines and make an individualized determination of a sentence that meets sentencing objectives. *United States v. Booker*, 543 U.S. 200, 125 S. Ct. 728 (2005); 18 U.S.C. § 3553. *Gall v. United States*, 522 U.S. 38, 47, 128 S. Ct. 586, 595 (2007).

In determining the sentence, the sentencing court should: (1) calculate the correct guidelines range; (2) determine whether to depart by considering Chapter Five, parts H and K, and any other policy statement or commentary in the Guidelines Manual; and (3) determine whether to impose a "variance" sentence by considering the factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. §1B1.1, Application Instructions (2012).

The following occurred in preparation for sentencing:

The defendant was appointed current Counsel after, at his first sentencing hearing, he decided he was not certain that he wanted to plead guilty. Present Counsel reviewed his case and concluded he should go forward on the agreement. Mr. Salazar-Zavala indicated he did not want a trial. The defendant further insisted he be permitted review all discovery in detail.

Counsel made several attempts to visit him in person to review the discovery (about 900 ages of written documents not including the video surveillance). Counsel was prepared to review all video and document discovery; however the defendant refused her visit and on the second and third attempt refused to look at discovery. The defendant further refused to participate in any interview with Counsel prior to her preparation for sentencing. Counsel considered the

defendants mental capacity and state of mind and found that he is competent in every aspect to proceed.

The defendant reviewed the presentence investigation report with Counsel. There are no correction or objections.

The following 18 U.S.C. 3553(a) factors may additionally be considered:

1) The defendant has no prior law enforcement or immigration contacts and no criminal convictions.
2) The defendant accepted responsibility and is remorseful.
3) The defendant is aware of the repercussions of returning after this conviction and during any period of supervised release the Court may impose, which should serve as adequate deterrence.

## SENTENCING RECOMMENDATION

"A criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent." Pepper v. United States, 562 U.S. 476, 507, 131 S. Ct. 1229, 1251, 179 L. Ed. 2d 196 (2011), quoting *United States v. Stinson*, 97 F.3d 466, 469 (C.A.11 1996) *(per curiam)*. Given all the characteristics of this defendant, Counsel respectfully requests the Court accept the plea and sentence the defendant to the stipulated sentence of 36 months.

RESPECTFULLY SUBMITTED this 18th day of May 2022.

Law Offices of
ISABEL MICHELA AMSEL

/s/ *Isabel Michela Amsel*
ISBAEL MICHELA AMSEL
Attorney for Defendant

Distribution: All ECF Participants